**WEI KAI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 07–5040–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Alexander Kwok–Ho Yu, New York, N.Y., for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

Gregory G. Katsas, Acting Asst. Atty. General; M. Jocelyn Lopez Wright, Assistant Director; Kristin K. Edison, Atty., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Wei Kai Li, a native and citizen of the People's Republic of China ("China"), seeks review of an October 30, 2007 order of the BIA, affirming the November 3, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In re Wei Kai Li*, No. A073 174 293 (B.I.A. Oct. 30, 2007), *aff'g* No. A073 174 293 (Immig. Ct. N.Y. City Nov. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA upholds the IJ's denial of relief, but affirms only portions of the IJ's decision, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the agency reasonably relied on its decision in *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007), to deny Li's application for asylum, withholding of removal, and CAT relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). While Li argues that the BIA erred in failing to consider evidence that he submitted in support of his applications, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *id.* at 169 (internal quotation marks omitted), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006). The BIA reasonably found that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See Jian Hui Shao*, 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," *id.* at 161–62, the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. Li's argument that the BIA erred in failing to take administrative notice of the 2007 State Department Report is equally unavailing, as we will not remand for the BIA to consider extra-record evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).